UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

RAMAINE WILLIAMS,

                        Petitioner,

        v.                                              9:22-CV-1334
                                                        (BKS/TWD)
BRIAN SCHENCK,

                        Respondent.

─────────────────────────────────────

APPEARANCES:                                    OF COUNSEL:

RAMAINE WILLIAMS
13465
Petitioner, pro se
Cayuga County Jail
7445 County House Road
Auburn, NY 13021

BRENDA K. SANNES
Chief United States District Judge

## DECISION and ORDER

## I.      INTRODUCTION

        Petitioner Ramaine Williams seeks federal habeas corpus relief pursuant to 28 U.S.C.

§ 2254.  Dkt. No. 1, Petition ("Pet.").[1]  After completing an initial review of the Petition, the

Court ordered petitioner to file an amended petition to cure noted deficiencies in the

pleading.  Dkt. No. 4, Decision and Order ("January Order").  Petitioner timely complied.  Dkt.

No. 5, Amended Petition ("Am. Pet.").  For the reasons stated below, the petition is

dismissed without prejudice as being premature.

───────────────────────

        [1]  For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the
Court's electronic filing system.

## II.    THE PETITION

Petitioner challenges a 2022 judgment of conviction, pursuant to a guilty plea, from Cayuga County Superior Court, for fourth degree criminal possession of a controlled substance and fourth degree criminal contempt.  Pet. at 1-2.  Petitioner is scheduled to be sentenced on March 30, 2023.  *Id.* at 1.

Liberally construing petitioner's submission, he argues that he is entitled to federal habeas corpus relief because (1) he was stopped without probable cause, Pet. at 16; (2) the felony complaint and grand jury proceedings were deficient, *id.* at 16-19; and (3) his trial counsel is constitutionally ineffective, *id.* at 20-23.  For a complete statement of petitioner's claims, reference is made to the petition.

## III.    DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  In other words, petitioner "must

2

give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, petitioner repeatedly asserts that his state court remedies have been exhausted because the Cayuga County Court will not accept his pro se motions and his assigned counsel refuses to make the requested motions on petitioner's behalf.  Pet. at 5-12. However, petitioner's arguments are misguided.

First, it is axiomatic that when an individual is represented, the attorney is the proper party to file motions on the individual's behalf.  Accordingly, the County Court's decision not to allow petitioner's pro se motions is not preventing the underlying issues from being challenged; however, such challenges must occur via proper procedure and protocol. Further, petitioner's vague and conclusory assertions about an inability to file challenges in state court fails to indicate that any of those motions challenge the validity of the plea or subsequent conviction, which must occur before federal habeas relief can be granted.

In sum, petitioner's statements make clear that his claims remain unexhausted because no court, let alone the highest state court capable of reviewing said claims, has had the opportunity to review his allegations of various constitutional violations.  *See Brown v. Ercole*, No. 1:07-CV-2611, 2007 WL 2769448, at *1 (E.D.N.Y. Sept. 21, 2007) (explaining that tolling pursuant to the AEDPA occurs "while state post-conviction motions are pending. . . . Therefore, once the Court of Appeals issued its order denying leave to appeal, the *coram nobis* petition was no longer pending because no further state court remedies were available.").

There is no basis on the record before this Court to conclude that there is an absence

3

of available state corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile).  28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).  Petitioner is still awaiting sentencing.  Accordingly, pursuant to New York Law, the time period for petitioner to begin exhausting his state court remedies has not yet commenced since he cannot file a direct appeal until after he is sentenced.  *See* N.Y. CRIM. PRO. LAW § 460.10(1)(a) ("A party seeking to appeal from a judgment or a sentence . . . must, within thirty days **after imposition of the sentence** . . . file . . . a written notice of appeal[.]").  In sum, because the time to file state court challenges has not even started yet, it is impossible to believe that petitioner has already been precluded from engaging in such remedies.

Here, petitioner has state court remedies available to him, regardless of his past experience with the County Court and his assigned counsel or his feelings on how successful future motions may be.  To the extent petitioner assumes that he will not be successful in a direct appeal, any such assumptions are speculative and unfounded; therefore, they are insufficient to waive the statutory exhaustion requirement.  *See Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)) ("It is well established that a petitioner may not bypass state courts merely because they may be unreceptive to the claim."); *see also Engle v. Issac*, 456 U.S. 107, 130 (1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.  Allowing criminal defendants to deprive the state

4

courts of this opportunity would contradict the principles [of comity.]").

While petitioner's papers do not reflect his awareness that his petition was filed prematurely as a protective filing, to the extent that petitioner may be understood to request that this action be stayed and his petition held in abeyance, that request is denied.  The Supreme Court has stated, in dicta, that a habeas petitioner "might avoid" the application of the statute of limitations resulting from "reasonable confusion" about the timeliness of a state filling "by filing a 'protective' petition in federal court and asking the federal court to stay and abey" the habeas proceedings.  *Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005); *see also Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (noting that a stay and abeyance may be warranted "where an outright dismissal" of a mixed petition "could jeopardize the timeliness of a collateral attack") (internal quotation marks omitted).  However, *"Pace* suggests that whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).  *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017).  Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless."  544 U.S. at 277.

Here, petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition.  Petitioner has already been advised of the requirement to challenge his conviction through all available state court channels.  January Order at 3-4.  Further, petitioner properly commenced this habeas corpus action, following the Court's instruction after the case was initially administratively closed, so there is little doubt that he will also be able to navigate the state court system to seek redress

5

for the alleged wrongs he asserts via a direct appeal or collateral state court proceeding. Accordingly, it cannot be said that petitioner is expressing confusion about the state court appellate process or the trajectory of a habeas petition in federal court. *Cf Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether his claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).

Additionally, it does not appear that a subsequent habeas petition, if necessary and if filed promptly after petitioner's claims are exhausted in state court, will be jeopardized by the statute of limitations. The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.[2]

Petitioner has not yet been sentenced and the statute of limitations for his direct criminal appeal has not yet begun to run, let alone terminated. Therefore, petitioner's

---

[2] The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace,* 544 U.S. at 418). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

6

conviction has not been finalized.  *See e.g. Berman v. United States*, 302 U.S. 211, 212

(1937) ("Final judgment in a criminal case means sentence.  The sentence is the

judgment.").  Dismissal of the instant petition will have no impact on the statute of limitations

because the limitations period cannot begin until there is a final judgment.  28 U.S.C. §

2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).  At the conclusion of

the state court proceedings, petitioner will have a year to re-file his habeas petition.  Thus,

petitioner should promptly re-file his petition, and include any and all claims he has therein,

when he has completed exhausting his claims in state court, as he has adequate time in

which to do so.

        Based on the foregoing, the petition is premature and is dismissed without prejudice to

re-filing one complete petition once petitioner has pursued and exhausted all the claims he

wants to raise in the state courts.  *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d

Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an

opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court

an opportunity to do so.  Accordingly, we dismiss DiGuglielmo's petition without prejudice.

This will allow DiGuglielmo to pursue any procedural options available to him in New York

state court, and then take whatever steps may be appropriate to return to federal court if

necessary.") (footnote omitted).[3]

**IV.     CONCLUSION**

        **WHEREFORE**, it is

---

[3]  The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits.  *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

**ORDERED** that the amended petition, Dkt. No. 5, is **DISMISSED WITHOUT PREJUDICE** as premature for failure to exhaust available state court remedies; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[4]  Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: February 17, 2023
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

_____

[4] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)*.*